UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-29-2015
```

PRL USA HOLDINGS, INC.,

                 Plaintiff,

-v-

UNITED STATES POLO ASSOCIATION,
INC., USPA PROPERTIES, INC., AND JRA
TRADEMARK COMPANY, LTD.,

                 Defendants.

No. 14-cv-764 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

     On March 27, 2015, the Court issued an opinion and order in this matter that compelled arbitration of all claims except those for contempt, which it stayed pending arbitration. (Doc. No. 48 ("March 27 Order").) On May 5, 2015, Defendants sent Plaintiff an Arbitration Demand requesting judgment from the arbitrator on each of four claims. (Ex. A ("Arbitration Demand").) The Court is now in receipt of Plaintiff's letter seeking to file a motion to stay in part arbitration between the parties (Doc. No. 49) and Defendants' response (Doc. No. 50). For the reasons that follow, the Court deems the motion made and denies it.

     Plaintiff argues that the Court's March 27 Order precludes Defendants from arbitrating their fourth claim for relief ("Fourth Claim"), which seeks a declaratory judgment that "the alleged uses of the Double Horsemen Mark that underlie PRL's DHM Products Claim . . . are expressly permitted under the Settlement Agreement, which incorporates the 2005 Judgment in its entirety and establishes the Double Horsemen Mark as an 'approved mark' under the Settlement Agreement." (Doc. No. 49 at 3 (quoting Arbitration Demand at 8).) Plaintiff alleges that Defendants' Arbitration Demand, viewed as a whole, presents a "clear reference to PRL's Claim

XIII" – which alleged that Defendants' use of particular Specified Products violated the Court's 2005 Judgment – and "quotes directly from the Complaint the allegations that form the basis for PRL's contempt claim." (*Id.* at 2–3.)  Therefore, Plaintiff argues, Defendants' demand for arbitration of the Fourth Claim impermissibly "usurps the Court's authority" to adjudicate Plaintiff's related contempt claim.  The Court disagrees.

First, Plaintiff overlooks the fact that the Court retained jurisdiction over Plaintiff's contempt *claim* related to the Specified Products, not the entire universe of *facts* underlying that claim.  Indeed, the March 27 Order explicitly noted that the arbitrator's examination of Plaintiff's claims, should the arbitrator determine that they are arbitrable, "is likely to [] substantially overlap with PRL's claims for contempt of this Court's orders." (March 27 Order at 11.)  It is hardly a "usurpation" to arbitrate a non-contempt claim factually similar to one stayed before the District Court.

Second, the Arbitration Demand to which Plaintiff objects – which does *mention* the term "contempt" – is largely a summary of the 30-year litigation history between the parties with particular emphasis on the action currently pending in the District Court.  At no point, however, does the Arbitration Demand suggest that the arbitrator should decide Plaintiff's contempt claim, nor does it argue for a contempt finding. (Arbitration Demand at 8.)  Defendants merely request that the arbitrator examine a dispute between the parties that Defendants claim arises under the Settlement Agreement.  (*Id.*)  Accordingly, the Court's prior analysis applies:  in light of the Settlement Agreement's broad language and incorporation of the AAA's rules, "the arbitrator, and not the district court, [] must determine whether or not the allegations are claims covered by the Settlement Agreement and therefore subject to arbitration." (March 27 Order at 8.)

Finally, Plaintiff claims that it asserted *only* a contempt claim with respect to the Specified Products in the District Court and therefore Defendants may not seek to arbitrate non-contempt

2

claims related to those products. But Plaintiff's strategic litigation decision to assert only a contempt claim with regarding the Specified Products in no way bars Defendants, in their own arbitration demand, from asserting and seeking to arbitrate claims arising under the Settlement Agreement related to those same products. (Arbitration Demand at 8–9.) As articulated in the Arbitration Demand, the question of whether the Fourth Claim for relief is arbitrable is not for the District Court to decide. (March 27 Order at 5–9.)

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion to stay arbitration of the Fourth Claim for relief is DENIED. IT IS FURTHER ORDERED THAT the parties shall submit a joint letter to the Court by July 15, 2015, and every 60 days thereafter, apprising the Court of the progress of the arbitration.

SO ORDERED.

Dated:    May 29, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE